IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

BRENDA PREE                                                                                      PLAINTIFF

V.                                                      CIVIL ACTION NO. 4:16-cv-00122-SA-SAA

THE WASHINGTON COUNTY
BOARD OF SUPERVISORS, JESSE AMOS,
PAUL WATSON, JR. and MIKE GORDON,
in their INDIVIDUAL and in their OFFICIAL CAPACITIES            DEFENDANTS

**ORDER PARTIALLY STAYING CASE
PENDING RULING ON MOTION TO DISMISS**

Defendants have moved *ore tenus* to stay this case pending a ruling on their Motion to Dismiss the claims against the defendants in their individual capacities based upon qualified immunity (Docket 8) and the defamation claims against the Washington County Board of Supervisors. (Docket 12). Although Local Uniform Civil Rule 16(b)(3)(B) provides that "filing an immunity defense or jurisdictional defense motion stays the attorney conference and disclosure requirements and all discovery not related to the issue, pending the court's ruling on the motion, including any appeal," the court has discretion to allow other claims in the action to proceed if it finds that course is in the best interests of the parties and judicial economy. *See, e.g., Harris v. City of Balch Springs*, 33 F. Supp.3d 730, 732-33 (N.D. Tex. 2014) (no authority precludes discovery and pretrial matters regarding claims not protected by qualified immunity doctrine), citing *Behrens v. Pelletier*, 516 U.S. 299, 312, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996) (Qualified immunity is "a right to immunity *from certain claims*, not from litigation in general.").

Plaintiff has sued the Supervisors not only in their individual capacities, but also in their official capacities. Based upon the facts alleged in the complaint, it appears that the defendants will all be required to defend this action in that capacity in any event. It is also unlikely that the breadth of discovery relating to individual capacity claims and the defamation claims will be dramatically greater than that related to the official capacity claims. This information can be obtained with relative ease and very little expense if the court should deny the pending motion to dismiss the claims against the Supervisors in their individual capacities or the state law claims against the Board of Supervisors. Further, because Mr. Virden and Mr. Phillips represent all defendants, there will be no additional expense in their representation of all defendants at the case management conference scheduled for July 28, 2016. Staying the entire case would, in the court's opinion, be counterproductive to all involved in this action. Accordingly, it is

**ORDERED**

that only discovery that is stayed is that relating to the claims against the defendants in their individual capacities and the claims against the Board of Supervisors for defamation. All other facets of this action will proceed as usual.

SO ORDERED, this, the 27th day of June, 2016.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE